**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| In re: § | |
| § | Case No. 21-40561 |
| **NEWSTREAM HOTEL PARTNERS –** § | |
| **LIT LLC**[1] § | |
| § | Chapter 11 |
| § | |
| Debtor. § | |

**DEBTOR'S MOTION TO EXTEND EXCLUSIVE TIME TO FILE
AND CONFIRM DEBTOR'S PLAN OF REORGANIZATION *NUNC PRO TUNC***

**21-DAY NEGATIVE NOTICE – LBR 9007(a):**

**Your rights may be affected by the relief sought in this pleading. You should read this pleading carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you oppose the relief sought by this pleading, you must file a written objection, explaining the factual and/or legal basis for opposing the relief.**

**No hearing will be conducted on this Motion/Objection/Application unless a written objection is filed with the Clerk of the United States Bankruptcy Court and served upon the party filing this pleading WITHIN TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE shown in the certificate of service unless the Court shortens or extends the time for filing such objection. If no objection is timely served and filed, this pleading shall be deemed to be unopposed, and the Court may enter an order granting the relief sought. If an objection is filed and served in a timely manner, the Court will thereafter set a hearing with appropriate notice. If you fail to appear at the hearing, your objection may be stricken. The Court reserves the right to set a hearing on any matter.**

TO THE HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE:

Newstream Hotel Partners – LIT LLC ("**Newstream LIT**" or "**Debtor**"), the debtor and debtor-in-possession in the above-referenced bankruptcy case, hereby submits this *Motion to Extend Exclusive Time to File and Confirm Debtor's Plan of Reorganization Nunc Pro Tunc*,

---

[1] The Debtor in this chapter 11 case is Newstream Hotel Partners – LIT LLC, and the last four digits of its federal tax identification number is 0095. The location of the Debtor's corporate headquarters and service address is 311 South Oak Street, Suite 250, Roanoke, Texas 76262.

**DEBTOR'S MOTION TO EXTEND EXCLUSIVE TIME TO FILE
AND CONFIRM DEBTOR'S PLAN OF REORGANIZATION *NUNC PRO TUNC***            PAGE 1

pursuant to 11 U.S.C. § 1121(d)(1) (the "**Motion**"), and would show the Court the following in support:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334(b). This matter is a core proceeding, and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The basis for relief requested herein is 11 U.S.C. § 1121(d)(1).

## BACKGROUND

2. On April 16, 2021 (the "**Petition Date**"), the Debtor filed a voluntary petition for bankruptcy under Chapter 11 of the Bankruptcy Code (the "**Petition**"). The Debtor continues to operate its business as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee, examiner, or official committee of unsecured creditors has been appointed.

3. The Debtor owns a full-service hotel, the Four Points Hotel by Sheraton, located at 925 South University Avenue, Little Rock, Arkansas 72204 (the "**Property**") and conveniently located near University of Arkansas at Little Rock and Arkansas Children's Hospital. The Property features 263 guest rooms, a restaurant, bar, and 13,786 square feet of meeting and event space, as well as an outdoor pool with waterfall and splash pad, fitness center, business center, and other amenities consistent with a midscale full-service hotel.

4. Concurrent with the filing of the Petition, the Debtor filed a its *Emergency Motion for Interim and Final Orders (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Lender, (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b), and (IV) Granting Related Relief* [Docket No. 4] (the "**Cash Collateral**

**Motion**"), seeking to use cash collateral of its Prepetition Secured Lender, UC Four Points Little Rock Holder, LLC ("**UC Four Points**").

5. As the Court is aware, the final hearing on the Debtor's Cash Collateral Motion was originally scheduled on May 25, 2021 and was continued several times by agreement of the parties. An Amended Agreed Final Order authorizing the Debtor's use of Cash Collateral through December 3, 2021 was entered on September 8, 2021, following the September 7, 2021 final hearing on the Cash Collateral Motion [Docket No. 93].

6. The Debtor and UC Four Points have engaged in settlement discussions, which are ongoing and may significantly impact the Debtor's plan of reorganization. As such, on August 13, 2021, prior to the expiration of the exclusivity period to file its plan, the Debtor filed its *Motion to Extend Exclusive Time to File and Confirm Debtor's Plan of Reorganization* [Docket No. 86] (the "**First Exclusivity Motion**").

7. On August 10, 2021, prior to filing the First Exclusivity Motion, counsel for the Debtor conferenced via email with counsel for UC Four Points, Marriott International, Inc. ("**Marriott**"), and the U.S. Trustee's Office regarding the proposed extension of the exclusivity periods. UC Four Points and Marriott do not oppose the extensions requested.

8. On August 13, 2021, prior to filing the First Exclusivity Motion, counsel for the Debtor conferenced via email with counsel for Centennial Bank ("**Centennial**"), and Centennial is not opposed to the requested extensions.

9. Debtor's counsel also attempted to conference with the U.S. Trustee's Office (the "**UST**") by electronic mail on August 10, 2021 and September 13, 2021, prior to the filing of this Motion. No response was received from the UST prior to the filing of this Motion.

**RELIEF REQUESTED**

10. The 120-day exclusive period for the Debtor to file a proposed plan of reorganization, as set forth in 11 U.S.C. § 1121, expired on August 14, 2021, and the 180-day exclusive period for the Debtor to confirm a plan of reorganization expires on October 13, 2021. The Debtor respectfully requests extensions of approximately ninety (90) days of the 120-day and 180-day exclusivity periods to file and confirm a plan of reorganization, up to and including **November 12, 2021** and **January 11, 2022**, respectively.

11. The Debtor requests this relief, *nun pro tunc*, following the Court's denial of the First Exclusivity Motion without prejudice on September 13, 2021 [Docket No. 95]. This Motion is filed less that twelve hours following denial of the First Exclusivity Motion.

12. The Debtor requires the relief to be granted *nunc pro tunc*, as the exclusivity period to file its plan expired while the First Exclusivity Motion was pending before the Court. Alternatively, the Debtor seeks for the filing of this Motion to relate back to the date of filing of the First Exclusivity Motion, August 13, 2021.

13. The granting of the relief requested will not prejudice any parties in interest, as the Debtor's largest creditors, UC Four Points, Marriott, and Centennial Bank agreed to the relief requested prior to the filing of the First Exclusivity Motion.

14. This Motion contains the required twenty-one (21) day notice language and will be served upon the full mailing matrix, including the Debtor's 20 largest creditors, all parties requesting notice, and the U.S. Trustee.

## ARGUMENTS AND AUTHORITIES

Section 1121 of the Bankruptcy Code provides, in relevant part, as follows:

> (b) Except as otherwise provided in this section, only the debtor may file a plan until after 120 days after the date of the order for relief under this chapter.
>
> (c) Any party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may file a plan if and only if—
> (1) a trustee has been appointed under this chapter;
> (2) the debtor has not filed a plan before 120 days after the date of the order for relief under this chapter; or
> (3) the debtor has not filed a plan that has been accepted, before 180 days after the date of the order for relief under this chapter, by each class of claims or interests that is impaired under the plan.
>
> (d)
> (1) Subject to paragraph (2), on request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.
>
> (2)
> (A) The 120-day period specified in paragraph (1) may not be extended beyond a date that is 18 months after the date of the order for relief under this chapter.
> (B) The 180-day period specified in paragraph (1) may not be extended beyond date that is 20 months after the date of the order for relief under this chapter.

11 U.S.C. §1121.

15. Cause exists to extend both the 120-day and the 180-day periods. The Debtor's reorganization efforts center around the Property. More specifically, the Debtor anticipates either selling the Property and distributing the proceeds pursuant to the Bankruptcy Code's priority scheme or proposing a plan of reorganization that will pay creditors from revenue generated from operations going forward as a going concern. Both scenarios necessarily require a resolution of certain issues between the Debtor and UC Four Points.

WHEREFORE, PREMISES CONSIDERED, the Debtor respectfully requests an extension, up to and including **November 12, 2021**, to file a plan of reorganization and an extension, up to and including **January 11, 2022**, to confirm a plan of reorganization, and for any and all such other and further relief, whether in law or in equity, to which the Debtor may be entitled.

Dated: September 13, 2021.  Respectfully submitted,

*/s/ Megan F. Clontz*
Jason P. Kathman
State Bar No. 24070036
Megan F. Clontz
State Bar No. 24069703
Misty A. Segura
State Bar No. 24033174
Spencer Fane LLP
5700 Granite Parkway, Suite 650
Plano, TX 75024
(972) 324-0300 – Telephone
(972) 324-0301 – Facsimile
Email: jkathman@spencerfane.com
Email: mclontz@spencerfane.com
Email: msegura@spencerfane.com

**COUNSEL FOR DEBTOR AND DEBTOR-IN-POSSESSION**

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that, on August 10, 2021, I conferenced via email with Mark Stromberg, counsel for UC Four Points Little Rock Holder, LLC, Michael T. Driscoll, counsel for Marriot International, Inc., and Marc Salitore, counsel for the United States Trustee. UC Four Points Little Rock Holder, LLC, and Marriot International, Inc. are unopposed to the ninety-day extensions proposed herein. On August 13, 2021, I conferenced via email with counsel for Centennial Bank, and Centennial Bank is not opposed to the requested extensions. I again attempted conference with counsel for the United States Trustee on September 13, 2021, prior to filing, and no response was received from the United States Trustee prior to the filing of this Motion.

*/s/ Megan F. Clontz*
Megan F. Clontz

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on or before September 14, 2021, I caused the foregoing pleading to be served via electronic means and/or by first class mail to all parties on the attached mailing matrix, including the 20 largest creditors, all secured creditors, the Debtor, the United States Trustee, and all parties requesting notice in this case.

*/s/ Megan F. Clontz*
Megan F. Clontz